# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE REQUEST FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES BY THOMAS X. KOTAB | Misc. Action No. 19-34 (BAH)<br><br>Chief Judge Beryl A. Howell |

## ORDER

This Miscellaneous matter is before the Court upon the request by Thomas X. Kotab for exemption from the fees imposed by the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the United States Courts.  *See Electronic Public Access Fee Schedule*, JUDICIAL CONFERENCE (Aug. 2, 2017), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule ("Fee Schedule").  Specifically, Mr. Kotab submitted a letter seeking a discretionary Public Access to Court Electronic Records ("PACER") fee exemption for charges incurred when downloading electronic files maintained in the United States District Court for the District of Columbia, in three case files that he identifies as "*Nio*, *Kirwa* and *Calixto*."  PACER Fee Exemption Request at 1 (italicization added), ECF No. 1.

The Judicial Conference's Fee Schedule provides requirements for "Discretionary Fee Exemptions."  *See* Fee Schedule ¶ 9.  First, discretionary fee exemptions are available to "certain persons or classes of persons," such as "indigents" and "*pro bono* attorneys" who do not "have the ability to pay the statutorily established access fee."  *Id.*  Second, the Court "must find" that "those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."  *Id.*  Third, "the user receiving the exemption must agree not to sell the data obtained as a result . . . unless expressly

authorized by the court." *Id.*  Fourth, an exemption may be granted only for "a definite period of time" and "should be limited in scope." *Id.*

Here, the Court finds that Mr. Kotab has not demonstrated his eligibility for a fee exemption.  Although Mr. Kotab's request is limited in scope to three case files in this Court, Mr. Kotab's letter does not include information showing that his request meets the Fee Schedule's other requirements.  For example, Mr. Kotab's letter does not indicate that he is indigent or a *pro bono* attorney lacking the ability to pay the statutorily established access fee, that a fee exemption is needed to avoid unreasonable burdens, that Mr. Kotab agrees not to sell data obtained through an exemption, and that the exemption is sought for a definite time period.

Accordingly, for the reasons set forth in this Order, it is hereby

**ORDERED** that Mr. Kotab's PACER Fee Exemption Request, ECF No. 1, is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to the PACER Service Center; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Date: March 13, 2019

BERYL A. HOWELL
Chief Judge